EDWIN R. LA VIN, Appellant, and LOUIS COHEN, as Temporary Receiver of Assets of Sanford Hotel Corporation, Intervener, Appellant, v. RUSSELL C. LA VIN et al., Defendants, and LEBIS HOTEL MANAGEMENT CORP. et al., Respondents.— In this action by a minority stockholder to set aside a lease and extension of lease made by defendant Sanford Hotel Corp. to a third party, judgment was entered dismissing the supplemental and amended tenth cause of action alleged in the amended complaint upon a decision after trial, in which Special Term found that (1) the leases did not constitute a " sale " of the corporate property within the meaning of section 20 of the Stock Corporation Law and, therefore, it was not necessary that the leases be approved at a stockholders' meeting; (2) the leases were not *ultra vires*; (3) the leases were not fraudulently obtained, and (4) the rental reserved was not inadequate. Plaintiff and the temporary receiver of the corporation appeal from the judgment. Judgment affirmed, with one bill of costs. In our opinion, even assuming that there was personal benefit to the directors of the defendant lessor resulting from the transaction complained of, the mere showing of such facts would not as a matter of law invalidate the leases. (*Everett* v. *Phillips,* 288 N. Y. 227.) While proof of bad faith of the directors and unfairness to the corporation may result in a declaration of invalidity, that was a question of fact which the trial court resolved in favor of respondents. We cannot say that such finding is against the weight of the evidence. MacCrate, Schmidt, Beldock and Murphy, JJ., concur; Wenzel, Acting P. J., dissents and votes to reverse and to direct judgment in favor of appellants, with the following memorandum: I do not agree that the principles of law expressed in *Munson* v. *Syracuse, G. & C. R. R. Co.* (103 N. Y. 58), as to the responsibility of directors as fiduciaries has been so relaxed or modified as to be practically meaningless. So late as *Matter of People (Bond & Mtge. Guar. Co.)* (303 N. Y. 423), the *Munson* case (*supra*) was indorsed without serious qualification. The case of *Everett* v. *Phillips* (288 N. Y. 227), cited in the majority decision herein, is not factually apposite. There, LEHMAN, Ch. J., for the majority, stated that at best a case of error of judgment on the part of the directors was established, rather than a breach of fidelity. This was based on the fact (not present in the instant case) that the certificate of incorporation of the subject corporation expressly provided that no transaction between the corporation and a second corporation should be invalidated by reason of the fact that a director of the corporation was also a director or officer of the second corporation or otherwise interested personally in the transaction. The opinion stated that, in determining whether the directors committed actionable wrong, " the corporate capital structure, the certificate of incorporation, and the corporate constitution or by-laws may be factors of great weight ". Here there are but three stockholders — a mother and two sons (the mother and one son being the two defendant directors herein), who have for years been in constant litigation in regard to the affairs of the corporation. Such circumstances should have caused the directors to act with the

greatest circumspection. It would appear, however, that the long-term leasing with which the directors tied up the only asset of the corporation was for an inadequate consideration, and was entered into because of personal advantage accruing to the directors in the " package " deal, of which the first lease was but a part. It was admitted upon the trial by one director that the first lease would not have been entered into if he had not been given a contract as manager of a New Haven hotel at twice his salary as manager of the Hotel Sanford. It also appears that the trial court misapprehended the terms of the second lease which it stated required the tenant to pay all taxes beginning July 1, 1955, whereas the said lease provided that the tenant was required to pay only " all increases " in taxes after that date.